UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv384-FDW

LOVETT DEBE HENDERSON,         )
                               )
       Petitioner,             )
                               )
vs.                            )        ORDER
                               )
FRANK L. PERRY,                )
                               )
       Respondent.             )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner Lovett Henderson's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who was indicted by a Mecklenburg County grand jury on six counts of first-degree sex offense and seven counts of taking indecent liberties with children. State v. Henderson, 574 S.E.2d 700, 702 (N.C. Ct. App. 2003). The North Carolina Court of Appeals briefly summarized the State's evidence:

> [D]efendant, born on 29 July 1964, had married the mother of the alleged victim. The victim was born on 26 May 1988. After the marriage, the mother and her seven children lived with defendant and his two children. According to the victim and other girls in the family, the family lived in a house together from 1993–95. During this time, defendant would sexually molest the girls, the victim in particular. On one occasion, defendant had the victim perform fellatio upon him. Defendant also took the victim from her school while she was at recess, taking her back to the house and digitally penetrating her. Defendant digitally penetrated the victim and two other girls in the house on a different occasion, right after the girls had finished taking their baths. Defendant also got the same girls out of bed and took them into the living room, where he again digitally penetrated them while their mother was at church.

Id.

Petitioner was convicted by a jury on April 26, 2001, of one count of first-degree sex offense and three counts of taking indecent liberties with a child. Petitioner was sentenced to a minimum 240 and maximum 297 months incarceration for the first-degree sex offense. He was sentenced to a minimum 14 months and maximum 17 months for each indecent liberties offense, to run concurrently with each other but consecutively to the sex offense sentence. Id.

Petitioner filed a direct appeal in the North Carolina Court of Appeals, which found "no error." Id. at 707. Discretionary review was denied by the North Carolina Supreme Court on March 27, 2003. State v. Henderson, 579 S.E.2d 569 (N.C. 2003) (mem).

On March 16, 2015, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court. (Order Den. MAR 18, Doc. No. 1.) His sole claim was ineffective assistance of appellate counsel for failing to raise as an issue that the trial court erred by allowing certain testimony of an expert witness in violation of State v. Grover.[1] Specifically, Petitioner asserted that "allowing the State's expert witness to testify as to her opinion of probable sexual abuse with no physical findings to corroborate it was tantamount to allowing the expert to testify as to the credibility of the alleged victim." (Order Den. MAR, supra, at 18.)

The state court denied the claim in a reasoned opinion, finding that the situation in Grover, "where the State's expert affirmatively stated that the victim had been abused," differed from that of Petitioner, where the expert "offered no opinion as to whether abuse actually occurred but simply opinion that lack of physical findings on examination was not inconsistent with digital penetration." (Order Den. MAR, supra, at 19.) The court concluded that such

---

[1] In State v. Grover, the North Carolina appellate court held that "it is impermissible for an expert, in the absence of physical evidence, to testify that a child has been sexually abused." 543 S.E.2d 179, 181 (N.C. Ct. App.), aff'd, 553 S.E.2d 679 (N.C. 2001). Grover was decided on March 20, 2001, and affirmed on November 9, 2001.

testimony did not violate Grover and that the ineffective assistance of appellate counsel claim was without merit. (Order Den. MAR, supra.)

Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the trial court's order. It was denied on June 16, 2015. (Order Den. Cert. Pet. 20, Doc. No. 1.)

Petitioner filed the instant habeas Petition on August 8, 2015, when he signed and placed it in the prison mailing system. (Pet. 15, Doc. No. 1.) As he did in his MAR, Petitioner claims that appellate counsel was ineffective for failing to raise the issue of whether admission of certain expert testimony violated Grover. (Pet., supra, at 5, 16-17.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under § 2244(d)(1)(A), Petitioner's judgment became final on or about June 25, 2003, ninety (90) days after the North Carolina Supreme Court denied discretionary review, and Petitioner's time for filing a petition for writ of certiorari in the United State Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about June 25, 2004. Petitioner's MAR and subsequent state court proceedings neither tolled nor restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).

Petitioner asserts that an impediment created by the State prevented him from filing a habeas petition within a year of his conviction becoming final and that his Petition is timely pursuant to § 2244(d)(1)(B). Specifically, Petitioner contends that he was impeded from discovering the Grover case prior to January 2015, by North Carolina's refusal to provide inmates access to legal research materials. (Pet., supra, at 13-14.)

To warrant statutory tolling under § 2244(d)(1)(B), Petitioner must show that: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343,

4

346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977) overruled on other grounds by Casey, 518 U.S. at 354).

Although North Carolina prisons do not have law libraries, prisoners have access to North Carolina Prisoner Legal Services ("NCPLS"), which is staffed by persons trained in the law. See Casey, 518 U.S. at 346. It is evident that Petitioner made no attempt to seek assistance of any kind from NCPLS. (Pet., supra, at 13-14.) Petitioner cannot show he was impeded from timely filing his Petition because the State did not provide him adequate legal resources, if he made no attempt to avail himself of those legal resources. In this case, the impediment to Petitioner filing a timely habeas petition was self-inflicted, and no basis exists for commencement of the statute of limitations under § 2244(d)(1)(B).

Thus, the instant Petition is time-barred under § 2244(d)(1)(A) and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

The record shows no extraordinary circumstance or reasonable diligence on the part of

Petitioner in pursuing his rights in state or federal court. As such, he is not entitled to equitable tolling, and his Petition will be dismissed as untimely.[2]

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, Doc. No 1, is **DISMISSED** as untimely; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 28,

Frank D. Whitney
Chief United States District Judge

---

[2] The Court is aware of the Fourth Circuit's directive in Hill, 277 F.3d at 706, that a petitioner must be warned that his case is subject to dismissal as untimely when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition. (Pet. 13-14, Doc No. 1.)